### NANCARROW vs. WEATHERSBEE.

APPEAL from the court of the seventh district.

MATTHEWS, J. delivered the opinion of the
court. This suit is brought to recover a tract
of land alleged to be wrongfully withheld by
the defendant from the plaintiff. The cause
was submitted to a jury in the court-below,
who found a verdict for the defendant, and
judgment being thereon rendered, the plain-
tiff appealed.

Both parties to the suit claim title to the
property in dispute, as derived from the same
original proprietor. The appellant claims un-
der a deed of sale directly from said proprietor,
and the defendant by virtue of a sheriff's sale
of the land, made in collection of taxes. The
deed to the plaintiff is dated in 1821, and that
of the sheriff in 1814, in consequence of a sale
for taxes, said to have been due for the prece-
ding year.

Western Dis.
October, 1827

NANCARROW
vs.
WEATHERS-
BEE.

A correct decision of the cause depends on the validity and legal effects of the sheriff's deed. The objections made to it, are, want of authority shewn in the officer to sell; and a deficiency of proof to shew that he pursued all the measures required by law to give validity to the alienation of the property by him sold. The land was sold as the property of the Baron de Bastrop, under which both parties claim as above stated. According to our laws on the subject of taxation, it is necessary that an assessment should be made in the manner pointed out therein, and transmitted to the collectors of taxes before they can proceed to make collection. By this assessment the amount which each individual citizen is bound to pay for the public benefit, is definitely fixed on each and every part of his real property. It is in so many words the authority on which a collector proceeds to demand and enforce the payment of taxes; and in this respect may be viewed as analogous to an execution issuing on a judgment. Now in order to support a sheriff's deed made for property sold under execution, the party relying on such deed is bound to shew a judgment and execution. It is indeed a general principle of jurisprudence, that the

authority, by which an individual assumes to act for another, in the disposition of the property of the latter, must, when questioned, be shewn.

Western Dis.
Oct. 1827.

NANCARROW
vs.
WEATHERS-
BEE.

In the present case, the record exhibits no evidence of any assessment of the land, which was sold by the sheriff, or any other authority under which he acted. We are therefore of opinion, that in relation to the original proprietor and those claiming directly under him, the sheriff's deed is void, for want of proper authority, shewn to have been vested in the officer who sold. See in relation to assessment. 1 *M Digest, p.* 106, *No.* IX *&* X.

The conclusion to which we have arrived on the first objection to the validity of the defendants' title, renders it unnecessary to examine the second. Prescription is pleaded by the defendant; but the record furnishes no evidence to support it.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the court below be avoided, reversed and annulled. And it is further ordered, adjudged and decreed, that the plaintiff and appellant do recover from the defendant and appellee, the tract of land claimed in his petition, with costs in both courts.

*Scott* for plaintiff, *Downs* for defendant.